UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2019 AUG 13 P 2: 30

STEPHEN C. DRIES
CLERK

UNITED STATES OF AMERICA,

              Plaintiff,

         v.

HARDIK PATEL and
MAHMADYASIN SHEKH,

            Defendants.

Case No. 19-CR-
[18 U.S.C. §§ 2 and 1341]

**19-CR-141**

---

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTION
### (The Scheme to Defraud)

1.    Beginning by at least March 19, 2019, and continuing until on or about April 15, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**HARDIK PATEL and
MAHMADYASIN SHEKH,**

and others, known and unknown to the grand jury, with the intent to defraud, knowingly participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses and representations (the "scheme"), which is further described below.

2.    The essence of the scheme was that other members of the scheme called victims and made false misrepresentations to them, which caused the victims to send a package containing cash to a specific location and to a specific, fictitious name. The callers misrepresented that they worked for a federal agency such as the Internal Revenue Service ("IRS"), the Federal Bureau of

Investigation ("FBI"), and the Social Security Administration ("SSA"). The caller would tell the victim that if he or she did not send money as directed by the caller, he or she would be immediately arrested. The caller would then instruct the victim to send cash to a specific location and to a specific, fictitious name.

3.      Patel, Shekh, and other participants in the scheme possessed fraudulent identification (IDs), to include Permanent Resident Alien (Green) cards bearing the fictitious names of the recipients of the cash, and a photo of themselves. They used these IDs to pick up the cash.

4.      Patel and Shekh frequently accompanied each other when picking up the packages containing cash sent by victims.

5.      Patel, Shekh, and other participants in the scheme frequently picked up several packages a day containing cash from various locations using fraudulent IDs.

6.      Patel, Shekh, and other participants in the scheme kept a percentage of the fraud proceeds and sent the rest of the proceeds to other members of the scheme.

7.      As a result of the scheme, Patel, Shekh, and other participants in the scheme fraudulently obtained at least $219,983 from approximately 12 victims.

2

## COUNTS ONE THROUGH SIX
## (Mail Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

8.      The allegations set forth above in paragraphs one through seven of this indictment are hereby incorporated in support of the following charges as if set forth in full here.

9.      On or about the dates specified in the chart below, in the State and Eastern District of Wisconsin and elsewhere,

**HARDIK PATEL and
MAHMADYASIN SHEKH,**

for the purpose of executing the scheme described in paragraphs one through seven of this Indictment, and aiding and abetting one another and others, knowingly caused packages containing cash to be sent via Federal Express from the location indicated to the Eastern District of Wisconsin:

| Count | Date | Description of Mailing |
|-------|------|------------------------|
| One | April 5, 2019 | $10,000 sent from Brooklyn, New York and received in Milwaukee, Wisconsin. |
| Two | April 5, 2019 | $24,500 sent from Brooklyn, New York and received in Milwaukee, Wisconsin. |
| Three | April 9, 2019 | $35,000 sent from Eugene, Oregon and received in Pleasant Prairie, Wisconsin. |
| Four | April 10, 2019 | $28,000 sent from Eugene, Oregon and received in Kenosha, Wisconsin. |
| Five | April 12, 2019 | $13,000 sent from East Northport, New York and received in Pleasant Prairie, Wisconsin |
| Six | April 15, 2019 | $35,000 sent from Las Vegas, Nevada and received in Kenosha, Wisconsin |

Each in violation of Title 18, United States Code, Sections 1341 and 2.

3

## FORFEITURE NOTICE

10.     Upon conviction of one or more of the mail fraud offenses in violation of Title 18,

United States Code, Section 1341, set forth in Counts One through Six of the Indictment, the

defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or

personal, which constitutes or is derived from proceeds traceable to the offense or offenses of

conviction. The property to be forfeited includes, but is not limited to, a sum of money equal to

the proceeds derived from the offense or offenses.

11.     If any of the property described above, as a result of any act or omission by a

defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to,

or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been

substantially diminished in value; or has been commingled with other property which cannot be

subdivided without difficulty, the United States of America shall be entitled to forfeiture of

substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by

Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

Dated: _August 13th, 2019_

MATTHEW D. KRUEGER
United States Attorney

4